# EXHIBIT A

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR SANTA ROSA COUNTY,
FLORIDA

**KEVIN BONFARDINE,**                  CASE NO. 21-CA- **803**

    **Plaintiff,**

v.

**THE GEO GROUP, INC. d/b/a
BLACKWATER RIVER
CORRECTIONAL FACILITY,**         **SUMMONS**

    **Defendant.**
_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**THE GEO GROUP, INC.
c/o CORPORATE CREATIONS NETWORK, INC.
801 US HWY 1
NORTH PALM BEACH, FLORIDA 33408**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on ____SEPTEMBER 17____, 2021.

                                         CLERK OF THE CIRCUIT COURT

                                         By:_____  *Tammy Jo Brown*
                                                      eSigned by Tammy Brown
                                                      on 09/17/2021 10:35:20 I-26yPNE

|  | IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT, IN AND FOR SANTA ROSA COUNTY, FLORIDA |
|---|---|

**KEVIN BONFARDINE,**

    Plaintiff,

v.

**THE GEO GROUP, INC. d/b/a BLACKWATER RIVER CORRECTIONAL FACILITY,**

    Defendant.

_____/

CASE NO. 21-CA-

## COMPLAINT

Plaintiff, KEVIN BONFARDINE, hereby sues Defendant, THE GEO GROUP, INC. d/b/a BLACKWATER RIVER CORRECTIONAL FACILITY, and alleges:

## JURISDICTION

1. This is an action brought under 42 U.S.C. §1981. Attorneys fees are sought under 42 U.S.C. §1988.

2. This is an action involving claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00).

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, KEVIN BONFARDINE, has been a resident of the State of Florida and employed by Defendant. Plaintiff is a member of a protected class because of his race, black, and because he reported unlawful employment practices and has been retaliated against thereafter.

4.     At all times pertinent hereto, Defendant, THE GEO GROUP, INC. d/b/a BLACKWATER RIVER CORRECTIONAL FACILITY, has been conducting business in the State of Florida and within the jurisdictional boundaries of this court. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant is Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.     Plaintiff has satisfied all conditions precedent to bringing this action.

## STATEMENT OF THE ULTIMATE FACTS

6.     Plaintiff began his employment with Defendant on June 13, 2016 and, at all times pertinent to this action, worked as a Certified Correctional Officer at Defendant's Correctional Facility in Milton, Florida. He was working there when he was fired on January 22, 2018.

7.     Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and held to a different standard because of his race and has been retaliated against after reporting this discrimination.

8.     Correctional officers with Defendant are expected to supervise about three hundred inmates. Defendant stationed Plaintiff in one of the most dangerous dorms where people convicted of violent crimes are located. While Plaintiff was stationed there, Defendant stationed one new noncertified correctional officer in the control room for a total of one month. Plaintiff was the only Certified Correctional Officer in that dorm when, according to the prison's policy, noncertified officers are not supposed to be working controls.

9.     Throughout the month, there were issues that required calling for assistance. The noncertified officers did not know how to operate the controls so Plaintiff had to operate the controls while attempting to deescalate situations.

10. For example, on or around December, 2017, there was a fight in the dorm. Inmates were hitting each other with combination locks tied onto the ends of socks. Plaintiff was inside the dorm, calling for a response from the control room and attempting to deescalate the situation. Plaintiff could not deescalate the situation, however, because he had to run into the control room to help the noncertified officers work the controls, putting his life at risk.

11. On or around January 10, 2018, Defendant assigned Plaintiff to supervise Fox Trot dorm. During a lock down, Plaintiff saw inmates outside of their dorms in a common area. Plaintiff entered the common area and smelled a strong odor of alcohol, which the inmates were making.

12. Plaintiff walked down the hall and found that the source of the smell was inmate McWhite's cell. Plaintiff confiscated the alcohol and left the wing. Then, McWhite approached Plaintiff and stated that he wanted to change rooms. Plaintiff informed McWhite that he could only do so if he filed a request with the Sergeant. However, McWhite had already collected all his belongings, brought them to the door, and set them down. Plaintiff called his Sergeant about this matter and again told McWhite to speak with the Sergeant and to return his property back to his assigned cell. McWhite refused.

13. At this time, Defendant summoned inmates to different parts of the prison, so Plaintiff released the inmates but McWhite left his property unattended in the common area.

14. Shortly thereafter, Plaintiff was called to another area in the prison where an altercation had broken out. Upon his arrival, he saw that McWhite was on top of female Officer Moore, who was screaming that McWhite had stabbed her. Plaintiff commanded McWhite to release the officer, McWhite refused, and Plaintiff dove onto McWhite and pushed him off of Officer Moore.

15. Officer Daniel Young, a white man, assisted Plaintiff with securing the homemade weapon from the inmate, moved the inmate to the walkway, and restrained the inmate.

16. Three other white officers, Officers Simmons, Bachtel, and Sergeant Griner also responded and helped restrain McWhite. These officers placed McWhite in a wheelchair. Griner repeatedly flipped McWhite out of the wheelchair three or four times. They took him to confinement, put him in the shower, and Matter Control Operator Heidi Williams stated that they flung McWhite around and beat him. Moore was taken for medical care.

17. Plaintiff was unable to do an incident report because he immediately went to urgent care for his injuries. Defendant then placed Plaintiff on administrative leave pending an investigation. None of the white officers were placed on administrative leave.

18. Defendant contrived allegations against Plaintiff to justify placing him on administrative leave. Specifically, but without limitation, Captain Williams stated that Officer Moore was stabbed because Plaintiff did not call the sergeant when McWhite refused to comply therefore McWhite was able to stab Officer Moore. However, Plaintiff had called the Sergeant and an hour and a half passed between releasing McWhite and when the stabbing took place.

19. Defendant treated white officers more favorably than it treated Plaintiff during the course of the investigation and in issuing reprimands for the incident. The officers who were beating the inmate were not punished or reprimanded.

20. Specifically, and without limitation, the day after this incident, Defendant began to conduct an investigation of all of the officers who were involved in the incident.

21. On or around January 19, 2018, Plaintiff spoke with Investigator Matt Enfinger of the Florida Department of Law Enforcement and made a statement. An hour after this meeting,

4

Enfinger called Plaintiff and informed him that he was clear of wrongdoing and that he notified Defendant of the clearance and that Plaintiff could return to work.

22. On or around January 21, 2018, while Plaintiff was on administrative leave, Defendant terminated Plaintiff. Defendant never notified Plaintiff they were considering his termination or actually terminating him. None of the white officers were reprimanded for their actions and/or inactions preceding or following the stabbing.

23. Plaintiff did not return to work at Blackwater and did not discover he had been terminated until he applied for a position at Santa Rosa Prison.

24. Plaintiff has suffered lost wages, was blacklisted from all adult corrections facilities in the area, and fell into a state of depression. Plaintiff was unable to find a job, suffered extreme stress due to this, and was unemployed for about two and a half months before he was able to find a part time job doing surveillance.

25. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the statutes referenced above.

## COUNT I
## RACE DISCRIMINATION

26. Paragraphs 1 through 25 are re-alleged and incorporated herein by reference.

27. This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §1981.

28. Plaintiff has been the victim of discrimination on the basis of his race in that he was treated differently than similarly situated white employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of his race.

5

29. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

30. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

31. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

32. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

33. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

34. The events set forth herein led, at least in part, to Plaintiff's termination.

35. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §1981.

36. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief and punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances including reinstatement.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

UNOFFICIAL DOCUMENT